**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES PARKS,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | No. 230800935 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant City of Philadelphia, timely removes this action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

1.      On August February 27, 2024, Plaintiffs initiated this action by Complaint in the Court of Common Pleas in Philadelphia, August Term, 2023; No. 230800935. (Exhibit "A.")

2.      In Counts II, and IV of the Complaint, the plaintiff seeks relief against the petitioner pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States. (Id.)

3.      28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

4.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

5.      True and correct copies of this Notice of Removal with accompanying exhibits and

separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

6.      In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

7.      In filing this Notice of Removal, the petitioners do not need the consent of Defendant C/O Carriker, who was not an employee of the City of Philadelphia at the time of service on February 27, 2024. Defendant City cannot accept service for C/O Carriker and its acceptance was invalid. "When a civil action is removed solely under section 1441(a), all defendants who have been **properly joined and served** must join in or consent to the removal of the action." See 28 U.S.C. § 1446(b)(2) (emphasis added).

WHEREFORE, Defendant City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Irene Lu
Assistant City Solicitor

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

Date:  March 27, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES PARKS,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | No. 230800935 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

<u>**NOTICE OF FILING OF REMOVAL**</u>

TO:   BRIAN ZEIGER
      1500 JFK BLVD, SUITE 620
      PHILADELPHIA PA 19102
      zeiger@levinzeiger.com

PLEASE TAKE NOTICE THAT on March 27, 2024 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES PARKS,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | **No. 230800935** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Irene Lu, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal will be served upon the following by email:

TO:   BRIAN ZEIGER
      1500 JFK BLVD, SUITE 620
      PHILADELPHIA PA 19102
      zeiger@levinzeiger.com

Date:  March 27, 2024

                          */s/ Irene Lu*
                          Irene Lu
                          Assistant City Solicitor
                          Pa. Attorney ID No. 318310
                          City of Philadelphia Law Department
                          1515 Arch Street, 14th Floor
                          Philadelphia, PA 19102
                          (215) 683-2971 (phone)
                          (215) 683-5397 (fax)
                          Irene.Lu@phila.gov

Exhibit "A"

LEVIN & ZEIGER LLP
BRIAN J. ZEIGER
NO: 87063
TWO PENN CENTER
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PA 19102
215-546-0340
zeiger@levinzeiger.com

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
27 FEB 2024 08:41 am
A. SILIGRINI

_____ :
CHARLES PARKS, :
Plaintiff. :
:
v. :
CITY OF PHILADELPHIA, et al. :
Defendants. :
:
_____ :

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

AUGUST TERM, 2023

No.: 935

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION

Lawyer Referral and Information Service

1101 Market Street, 11th Floor

Philadelphia, Pennsylvania 19107

(215) 238-1701

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA

Servicio De Referencia E Información Legal

1101 Market Street, 11th Floor

Filadelfia, Pennsylvania 19107

(215) 238-1701

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES PARKS | : | CIVIL ACTION |
| 1000 65th Ave | : | |
| Philadelphia, PA 19126 | : | No.: |
|     Plaintiff, | : | |
| | : | TRIAL BY JURY DEMANDED |
| | : | |
|         v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| & | : | |
| | : | |
| PRISON COMMISSIONER BLANCHE | : | |
| CARNEY, in her individual and official | : | |
| capacity, | : | |
| Curran Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136; | : | |
| | : | |
| & | : | |
| | : | |
| DEPUTY WARDEN BUTLER | : | |
| in her individual and official capacity, | : | |
| Curran Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136; | : | |
| | : | |
| & | : | |
| | : | |
| DEPUTY WARDEN ROSE | : | |
| in his individual and official capacity, | : | |
| Curran Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136; | : | |
| | : | |
| & | : | |
| | : | |
| CORRECTIONAL OFFICER CARRIKER, | : | |
| in his individual and official  capacity, | : | |
| Curran Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136; | : | |
| | : | |

2

Case ID: 230800935

```
&                                        :
                                         :
JOHN DOE CORRECTIONAL OFFICERS :
in their individual and official         :
Curran Fromhold Correctional Facility    :
7901 State Road                          :
Philadelphia, PA 19136;                  :
                                         :
        Defendants.                      :
```

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorney Brian J. Zeiger, Esq., hereby alleges the following:

## PARTIES

1.      Plaintiff Charles Parks is an adult individual who was an inmate in the Philadelphia Prison System in Philadelphia, Pennsylvania.

2.      At all times material to this action, Defendant, City of Philadelphia, a City of the First Class organized and existing under the laws of the Commonwealth of Pennsylvania, was responsible for the creation and operation of the Philadelphia Department of Prisons including, but not limited to, the Curran Fromhold Correctional Facility ("CFCF").

3.      CFCF is located at 7901 State Road, Philadelphia, Pennsylvania.

4.      Defendant, Prison Commissioner Blanche Carney was at all times relevant hereto the Commissioner for the Philadelphia Department of Prisons of the City of Philadelphia, responsible for final policymaking and overseeing admissions, diagnostics, inmate placement, classification, security policies, and safety for prisons including CFCF.

5.      Defendants, Deputy Wardens Karen Butler and Robert Rose were at all times relevant hereto the Deputy Wardens for CFCF, responsible for admissions, diagnostics, inmate placement, classification, security policies, and safety, acting under the color of state law and in his authority as the Deputy Wardens for CFCF, a prison in the Philadelphia Department of Prisons of the City of Philadelphia.

3

Case ID: 230800935

6.     Defendant Correctional Officer Carriker is an adult individual who, on information and belief, is a resident of the Commonwealth of Pennsylvania and is being sued in both his official and individual capacity. CO Carriker was responsible for ensuring the safety and security of inmates, and of the premises of CFCF, including, *inter alia*, operations, classification, housing, security policies, and premises security and safety.

7.     Defendant John Does, a fictitious designation, were warden(s), sergeant(s), or correctional officers, adult individual(s) who, on information and belief, are residents of the Commonwealth of Pennsylvania and being sued in both his/her official and individual capacity. It is believed these John Does were responsible for ensuring the safety and security of inmates, and of the premises of CFCF, including, *inter alia*, operations, classification, housing, security policies, and premises security and safety.

## JURISDICTION AND VENUE

8.     This action is brought pursuant to 42 U.S.C. § 1983.

9.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) as the defendants are residents of this district and all the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

11.     In April of 2023, Plaintiff was an inmate at the Curran Fromhold Correctional Facility (hereinafter "CFCF") in the Philadelphia Prison System (hereinafter "PPS")

12.     On or about April 12, 2023, Plaintiff was attacked in the PPS by another inmate at the CFCF.

13.     Plaintiff suffered from a corneal abrasion and a fractured orbital socket as a result of the attack.

14.     Defendants Carriker and Doe were present at the time Plaintiff was attacked by the

4

Case ID: 230800935

other inmate, stood by, watched, and did not intervene to stop the attack.

15.     Defendants Carriker and Doe were responsible for ensuring the safety of inmates at the CFCF while they were on duty as corrections officer.

16.     At all times relevant to this action Defendants Carriker and Doe were employed by Defendant City of Philadelphia.

17.     Due to the extent of Plaintiff's injuries, the medical department at the prison was unable to properly care for Plaintiff.

18.     Plaintiff was transported to Jefferson-Torresdale hospital to care for his injuries.

19.     The Philadelphia Prison System has a list of inmate rules, regulations, and disciplinary procedures designed to maintain order in the system and to provide protection to the public, inmates, and staff. These procedures apply to all inmates.

20.     One of the rules for inmates is outlined in the prison's no fighting policy. Inmates are not permitted to physically assault other inmates.

21.     If an inmate attacks another inmate without warning for no apparent reason that causes serious bodily injury to the victim or an inmate fights with another inmate and personal injuries result and/or if a weapon is used, this is considered a "Critical Infraction."

22.     Defendants Carriker and Doe observed other inmates attack Plaintiff.

23.     Defendants Carriker and Doe had a reasonable opportunity to intervene as the other inmates attacked Plaintiff yet failed to do so.

24.     Defendants Carriker and Doe knew Plaintiff was in harm's way and did nothing to ensure his safety.

25.     Defendants Carney, Karen Butler, and Robert Rose, and knew of the risk to Plaintiff's safety because of their knowledge that the CFCF was grossly understaffed at the time of the attack.

Case ID: 230800935

26.     Defendants Carney, Karen Butler, and Robert Rose were responsible for hiring corrections officers or otherwise working to recruit or retain corrections officers.

27.     Defendants Carney, Karen Butler, and Robert Rose were responsible for the safety of inmates at the CFCF at all times relevant to the instant complaint.

28.     Defendants Carney, Karen Butler, and Robert Rose were aware the CFCF was grossly understaffed at the time of the assault on the Plaintiff.

29.     The City of Philadelphia has a history of understaffing and failing to protect inmates like Plaintiff from known, dangerous inmates, failing to monitor inmates for inmate safety, and failing to ensure that security protocols are being followed to ensure inmate safety.

    a.     In July of 2018, in *Simmons v. Philadelphia*, 22-cv-1644, Simmons was assigned to a cell in the Philadelphia Prison System with a paranoid schizophrenic, Jessie Wilson, who had a history of physical and verbal abuse of Simmons. Simmons reported the abuse, but of course, the claim fell upon deaf ears. Simmons remained in a cell with Wilson, who brutally assaulted and raped Simmons throughout the night after his complaints. Wilson was placed or should have been placed in segregation at the time of the assault on Simmons. He was not.

    b.     In August of 2019, Frankie Diaz, Jr. died of injuries after being beaten by another prisoner in the Philadelphia Prison System. https://www.prisonlegalnews.org/news/2022/aug/1/filth-fury-philly-jails-descend-murderous-chaos/. The inmate who beat Diaz to death had a violent history while incarcerated. The inmate who beat Diaz to death was involved in a significant fight and/or altercation with Diaz and, as a result, was placed or should have been placed in segregation at the time of the assault on Diaz. He was not.

    c.     In January of 2021, Dale Curbeam was found dead face down in his cell at Curran

Case ID: 230800935

Fromhold Correctional Facility ("CFCF"), a prison within the Philadelphia Prison System. His cellmate was arrested for the murder. According to the Philadelphia Inquirer, only one correctional officer was stationed in the Pod at the time of the homicide. https://www.inquirer.com/news/homicide-philadelphia-jails-violence-covid-pandemic- lockdowns-20210120.html.

d.   In April of 2022, Christopher Hinkle was incarcerated at CFCF when another inmate attacked him, resulting in a broken neck and other blunt-force injuries. The guards did not find Hinkle until at least four hours later. Once found, it was too late, he was put on life support, eventually succumbing to his injuries. Hinkle was a non-violent offender. Hinkle's cellmate had a long record of random assaults and violent criminal offenses and, as a result, was placed or should have been placed in segregation at the time of the assault on Hinkle. He was not.

e.   On September 30, 2021, an unknown inmate at CFCF was brutally attacked and stabbed by three inmates. No guards came to his aid. The inmate suffered serious life-threatening injuries.

f.   In March of 2021, Armani Faison was incarcerated at CFCF. He was assigned to a cell with known, dangerous inmate Kevin Massey. Massey had sexually assaulted another inmate earlier that day. In response to the sexual assault, Massey was not placed in administrative or disciplinary segregation. That other inmate was moved out of the cell with Massey. Faison was moved into the cell with Massey mere hours after Massey sexually assaulted the other inmate. Massey repeatedly raped, beat, and choked Faison. Faison's body was found the next morning, naked, bloodied, floating in six inches of water. He was transported to Nazareth Hospital and pronounced dead that morning. As a result of his prior conduct, Massey was placed or should have

7

Case ID: 230800935

been placed in segregation at the time of the assault on Faison. He was not.

    g.    On or about August 11, 2022, Anthony Autry was attacked at PICC by other

        inmates. The corrections officers working that day knew of other inmates on the

        block who was not properly categorized for housing who had a propensity for using

        weapons and assaulting other inamtes. As a result of the ensuing attack, Plaintiff was

        severely injured. *See Autry v. City of Philadelphia,* 2:23-cv-01501-PD.

30.    As shown by the seven prior incidents outlined above which occurred before the instant matter where Plaintiff was assaulted, the City of Philadelphia had a custom of understaffing that is on-going, continuous, and occurring at the time of the assault on Plaintiff.

31.    As shown by the seven prior incidents outlined above which occurred before the instant assault on Plaintiff, the City of Philadelphia has a custom of failing to ensure inmates are properly classified and segregated from inmates in general population.

32.    Defendant City of Philadelphia has been deliberately indifferent in failing to achieve proper staffing levels and has asked staff including correction officers to falsify records to show that they are, in fact, properly staffed. https://www.prisonlegalnews.org/news/2022/aug/1/filth-fury-philly-jails-descend-murderous-chaos/

33.    As a result of the prior assault on Plaintiff, Defendants knew the inmates housed with Plaintiff had a propensity to attack other inmates like Plaintiff because they were aware of the circumstances of the prior assault or physically present at the time of the prior assault.

34.    On the same date and time, Defendant City of Philadelphia did not properly train and/or supervise Defendants Carriker and Doe to properly discipline inmates, protect inmates, intervene in inmate attacks, and keep inmates safe generally.

35.    On the same date and time, Defendant City of Philadelphia did not properly train and/or its staff of correctional officers generally.

Case ID: 230800935

36.     On the same date and time, Defendant City of Philadelphia was aware of prior incidents where inmates were improperly classified and resulting harm occurred and failed to take precautions against future violations, as outlined above. This failure permitted and resulted in the assault on Plaintiff and Plaintiff's subsequent injuries.

**COUNT I:**
**EIGHTH AMENDMENT PURSUANT TO 42 U.S.C § 1983**
**PLAINTIFF VS. INDIVIDUAL DEFENDANTS**

37.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

38.     As set herein, this is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the unconstitutional actions of the Defendants that resulted in harm to Plaintiff.

39.     At all relevant times hereto, Defendants were "persons" acting under color of state law.

40.     The Eighth Amendment imposes on Defendants the obligation to take reasonable measures to protect inmates from violence at the hands of other inmates.

41.     As explained above, Defendants failed in their obligation at every turn.

42.     Defendants' conduct exposed Plaintiff to a substantial risk of harm.

43.     Defendants knew of and were deliberately indifferent to those known risks.

44.     As a result of Defendants' deliberate indifference, Plaintiff was severely injured and required medical treatment.

45.     Defendants were in direct violation of the Eighth Amendment, as well as their own policies, when they recklessly, willfully, and with deliberate indifference failed to protect Plaintiff, intervene while Plaintiff was being attacked, segregate and/or move known dangerous inmates, and the proper amount of staff on duty.

46.     While acting under color of state law, Defendants affirmatively created the danger that

9

Case ID: 230800935

led to Plaintiff's injuries by:

    a.    Placing Plaintiff on a block with inmates who would attack Plaintiff despite knowledge of their attack of another inmate(s);

    b.    Failing to maintain appropriate staff in the inmate housing units;

    c.    Failing to ensure compliance when an inmate is assigned to a specific level of segregation;

    d.    Failing to conduct regular checks of the cells for inmates assigned to a specific level of segregation;

    e.    Failing to prevent or stop the assault on Plaintiff in a timely manner despite opportunities to do so;

    f.    Observing the events leading up to the assault on Plaintiff and failing to respond in a timely or meaningful fashion;

    g.    Failing to adequately protect Plaintiff from injuries while in their custody and control; and,

    h.    Failing to intervene once Plaintiff was being attacked.

    i.    Willfully subjecting Plaintiff to injuries.

47.    The danger created by the Defendants as set forth above was foreseeable and direct, and through their failures, willful disregard, and deliberate indifference to Plaintiff's safety, Defendants acted with a degree of culpability that shocks the conscience.

48.    Defendants acts and omissions caused Plaintiff to suffer extreme and severe physical and emotional distress, terror, agony, and ultimately were the direct and proximate cause of his injuries.

    WHEREFORE, Plaintiff claims of Defendants, jointly and severally, a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages,

Case ID: 230800935

delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT II: FAILURE TO PROTECT
## EIGHTH AMENDMENT PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF V. INDIVIDUAL DEFENDANTS

49.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

50.     Prison officials have a duty to take reasonable measures to protect inmates from other inmates.

51.     Defendants Carney, Karen Butler, and Robert Rose were responsible for overseeing prison operations, including prisoner classification and correctional staffing at CFCF at the time Plaintiff was attacked and suffered injuries.

52.     Defendants Carney, Karen Butler, and Robert Rose had personal knowledge of the prior assaults by inmates at the CFCF due to inadequate staffing.

53.     Defendants Carney, Karen Butler, and Robert Rose knew or had reason to know other inmates on Plaintiff's block at the CFCF posed a danger to Plaintiff's safety.

54.     Defendants Carriker and John Does were acting as correctional officers at or near the time of Plaintiff's injuries, on duty in Plaintiff's block at the CFCF.

55.     Defendants Carriker and Doe had a duty to protect Plaintiff from violence at the hands of other inmates in the CFCF.

56.     Defendants Carriker and Doe knew or had reason to know inmates posed a danger to other inmates including Plaintiff because of their knowledge of the prior assault.

57.     Defendants Carriker and Doe failed to take reasonable measures to guarantee the safety of Plaintiff.

58.     Defendants Carriker and Doe permitted conditions in CFCF that posed a substantial risk of serious harm to Plaintiff.

11

Case ID: 230800935

59.     Defendants Carriker and Doe were deliberately indifferent to the substantial risk to Plaintiff's health and safety.

60.     Defendants Carriker and Doe's deliberate indifference caused Plaintiff harm.

61.     Defendants Carriker and Doe knowingly and unreasonably disregarded an objectively intolerable risk of harm.

62.     As a direct and proximate cause of Defendants Carriker and Does' actions and omissions, Plaintiff suffered and underwent great pain and continues to do so.

63.     As a direct and proximate result of Defendants Carriker and Does' actions and omissions, Plaintiff suffered serious physical injuries including, but not limited to, a lcorneal abrasion and a fractured orbital socket, and other injuries, the full extent of which are not yet known.

64.     As a direct and proximate result of Defendants Carriker and Does' actions and omissions, Plaintiff suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

65.     Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

         WHEREFORE, Plaintiff claims of Defendants, jointly and severally, a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

**COUNT III: FAILURE TO INTERVENE**
**EIGHTH AMENDMENT PURSUANT TO 42 U.S.C § 1983**
**PLAINTIFF V. DEFENDANTS CARRIKER AND DOE**

66.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

67.     Defendants Carriker and Doe were acting as correctional officers at or in proximity to the time of Plaintiff's injuries.

12

Case ID: 230800935

68.     Defendants Carriker and Doe had a duty to intervene in order to protect Plaintiff from dangerous inmates like Wingfield and Watson.

69.     Defendants Carriker and Doe had a reasonable opportunity to intervene in order to protect Plaintiff against force by Wingfield and Watson in that they:

   a.  knew of threats against other inmates and/or Plaintiff made by other inmates;

   b.  were physically present at the scene of the attack and could have prevented it;

   c.  could have timely prevented the attack;

   d.  had the ability to request assistance on behalf of Plaintiff;

   e.  had the ability to immediately stop the attack before or once it began;

   f.  had the ability to immediately stop the attack before once it began; and

   g.  could have acted to protect Plaintiff in other ways not yet known to Plaintiff.

70.     Defendants Carriker and Doe violated that duty to intervene in that they:

   a.  were actually aware of and did not intervene;

   b.  were physically present at the scene of the attack and could have prevented the attack from occurring;

   c.  did not stop the attack prior to Plaintiff becoming injured;

   d.  did not immediately request assistance on behalf of Plaintiff;

   e.  did not immediately restrain the inmates attacking Plaintiff; and

   f.  did not act in other ways not yet known to Plaintiff.

71.     Defendants Carriker and Doe's actions and omissions were a direct and proximate cause of Plaintiff's injuries and damages.

72.     Defendants Carriker and Doe acted intentionally, maliciously and wantonly, by failing to intervene when they were otherwise able.

73.     As a direct and proximate cause of Defendants Carriker and Doe's actions and

Case ID: 230800935

omissions Plaintiff suffered and underwent great pain and continues to do so.

74.     As a direct and proximate result of Defendants Carriker and John Doe's actions and omissions, Plaintiff suffered serious physical injuries including, but not limited to, a corneal abrasion and fractured orbital socket, and other injuries, the full extent of which are not yet known.

75.     As a direct and proximate result of Defendants Carriker and John Doe's actions and omissions, Plaintiff suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

76.     Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants, jointly and severally, a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT IV - MONELL CLAIM UNDER 42 U.S.C. § 1983
## DEFENDANT CITY OF PHILADELPHIA (FAILURE TO TRAIN AND SUPERVISE)

77.     The proceeding paragraphs are incorporated herein by reference.

78.     The customs, practices, and policies of the City of Philadelphia were a moving force behind the violations of Plaintiff's constitutional rights.

79.     Plaintiff was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, and by the City of Philadelphia through its many failures addressed *supra*.

80.     Plaintiff's claims are based on the decisions of Defendants Carney, Karen Butler, and Robert Rose, and the policy makers in the City of Philadelphia who were deliberately indifferent to the constitutional rights of convicted persons under the Eighth Amendment.

14

Case ID: 230800935

81.     This course of conduct is so well-settled and permanent as to virtually constitute law.

82.     Defendant City of Philadelphia knew corrections officers would be confronted with inmates who violate Philadelphia Prison System inmate rules.

83.     Defendant City of Philadelphia knew corrections officers would be confronted with inmates who are assigned or classified to a specific level of segregation like Pre-Hearing Segregation.

84.     Defendant City of Philadelphia knew of the history of corrections officers and prison staff mishandling known dangerous inmates who are or should be classified to a specific level of segregation as a result of the multiple inmate on inmate fights and fatalities.

85.     Defendant City of Philadelphia knew the CFCF was grossly understaffed at all times relevant to the instant matter.

86.     Defendant City of Philadelphia knew this would result in deprivations of constitutional rights like those suffered by this Plaintiff.

87.     Defendant City of Philadelphia had a duty to adequately train its employees at the Philadelphia Prison System to prevent the types of constitutional violations suffered by Plaintiff.

88.     Defendant City of Philadelphia had a duty to adequately supervise its employees to prevent the types of constitutional violations suffered by Plaintiff.

89.     Defendant City of Philadelphia was aware that correctional officers would frequently encounter situations where decisions regarding the classification of inmates would be made.

90.     Defendant City of Philadelphia was aware that correctional officers would encounter situations where intervention on behalf of an inmate being subject to constitutional violations would be required in order to either outright prevent or minimize the violations and related damages.

91.     Defendant City of Philadelphia was aware of the history of correctional officer

Case ID: 230800935

employees mishandling these decisions and mishandling such situations.

92.    Defendant City of Philadelphia was further aware of the history of correctional officer employees failing to follow security and safety protocols to ensure known, dangerous inmates are kept in segregation.

93.    Defendant City of Philadelphia was further aware that such mishandling often caused violations of the Eighth Amendment rights of inmates.

94.    The failure to adequately train and supervise Defendants Carriker and John Does resulted in the assault of Plaintiff.

95.    The failure to adequately train and supervise Defendants Carriker and John Does resulted in a violent assault on Plaintiff that Defendant City of Philadelphia knew or should have known was likely to occur.

96.    As a direct and proximate result of these failures by Defendant City of Philadelphia, Plaintiff suffered severe physical and emotional injuries.

97.    Plaintiff claims damages as a result of these severe physical and emotional injuries, which violated his rights under the United States Constitution and corresponding laws of the United States.

98.    Defendant City of Philadelphia has been deliberately indifferent to the rights of prisons, which deliberate indifference violates Plaintiff's rights under the Eighth Amendment to the Constitution of the United States, the laws of the United States and of the Commonwealth.

99.    Defendant City of Philadelphia has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals right to be free of violations of the Eighth Amendment of the Constitution of the United States, and the laws of the United States and of the Commonwealth

Case ID: 230800935

of Pennsylvania.

100.    The Defendant City of Philadelphia, by failing to take action to train or supervisor its correctional officers, and by having a practice or custom of remaining deliberately indifferent to systematic abuse, acquiesced and/or condoned the policy and the actions of the individual defendants who violated Plaintiffs rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

101.    Plaintiff believes and therefore avers the Defendant City of Philadelphia has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Eighth Amendment of the Constitution of the United States.

102.    Defendant City of Philadelphia knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

103.    By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Eighth Amendment to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

104.    The conduct of Defendant City of Philadelphia and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant City of Philadelphia, were a factual

Case ID: 230800935

cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,

    /s/ Brian J. Zeiger
BRIAN J. ZEIGER, ESQ.
LEVIN & ZEIGER, LLP
TWO PENN CENTER 1500
JFK BLVD STE 620
PHILADELPHIA, PA 19102
215-825-5183
zeiger@levinzeiger.com PA
Bar Id. No. 87063

Case ID: 230800935

**Exhibit "B"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES PARKS,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | No. 230800935 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**To the Office of Judicial Records:**

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia hereby give notice that it has filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

Date: March 27, 2024

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)

(215) 683-5397 (fax)
Irene.Lu@phila.gov

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHARLES PARKS

## DEFENDANTS

CITY OF PHILADELPHIA, ET AL.

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRIAN ZEIGER, ZEIGER & LEVIN
1500 JFK BLVD STE 620, PHILADELPHIA PA 19102

Attorneys *(If Known)*
IRENE LU, CITY OF PHILADELPHIA LAW DEPARTMENT
1515 ARCH ST, 14TH FL, PHILADELPHIA PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. SECTION 1983
Brief description of cause:
ALLEGED VIOLATION OF CONSTITUTIONAL RIGHTS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
3/27/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ IRENE LU

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o BRIAN ZEIGER, 1500 JFK BLVD STE 620, PHILADELPHIA PA 19102

Address of Defendant: c/o IRENE LU, 1515 ARCH STREET 14TH FL, PHILADELPHIA PA 19102

Place of Accident, Incident or Transaction: PHILADELPHIA, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/27/24          /s/ IRENE LU *Must sign here*          318310

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ IRENE LU _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 3/27/24          /s/ IRENE LU *if applicable*          318310

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CHARLES PARKS,**                                    **Civil Action**

**v.**

**CITY OF PHILADELPHIA, et al.**          :          Formerly

                                                      :          **Court of Common Pleas**
                                                      :          **Trial Division—Civil**
                                                                 **No.  230800935**

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (    )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    (    )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (    )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                     (    )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       (    )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.          ( **X** )


3/27/24          Irene Lu, Esq.          City of Philadelphia, et al.
Date             Attorney-at-law         _____
                                         Attorney for Defendants


 (215) 683-2971       (215) 683-5397       irene.lu@phila.gov
_____       _____   _____
Telephone         FAX Number               E-mail Address


(Civ. 660) 10/02